## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                                  Case No. 13-20026

FILIBERTO AVALOS,

      Defendant.

---

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter comes before the Court on Defendant Filiberto Avalos' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I).  (Doc. 69).  Avalos requests that his sentence be reduced to time served, or alternatively, converted to a sentence of home confinement. Although he does not separately move the Court to appoint counsel to represent him in this matter, he makes this request in his motion for compassionate release.  For the reasons explained below, the Court denies Avalos' motion and denies his request to appoint counsel.

### I.      Background

On December 17, 2014, Avalos pled guilty to two counts of Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and two counts of Distribution of 5 Grams or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) before Judge Carlos Murguia.[1]  On June 30, 2015, Avalos was sentenced to a 175-month term of imprisonment followed by a four-year term of supervised release.[2]  He is currently incarcerated at FCI Gilmer ("FCI") in Glenville, West Virginia.  The Bureau of Prisons ("BOP") reports two

---

[1]Doc. 40.

[2]Doc. 50.

inmates at that facility have tested positive for COVID-19, and 132 have been tested.  One test remains pending.[3]  Avalos is 34 years old, and his projected release date from the BOP is February 10, 2027.

On August 7, 2020, Avalos filed a motion requesting compassionate release because his immune system is compromised due to years of smoking, and because prison conditions during the pandemic are generally unsafe.

## II.     Legal Standards

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[4]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the BOP to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[5]  But a defendant may bring a motion for compassionate release from custody only if he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[6]  Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[7]

---

[3] Federal Bureau of Prisons, *COVID-19 Coronavirus:COVID-19 Cases*, https://www.bop.gov/coronavirus (last accessed Sept. 2, 2020).

[4]*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[5]First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[6]18 U.S.C. § 3582(c)(1)(A).

[7]*United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *see also United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is

Where a defendant has satisfied the exhaustion requirement, a court may reduce the defendant's proposed sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the court determines: (1) "extraordinary and compelling reasons warrant such a reduction"; or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[8]  In addition, a court must ensure that any reduction in a defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[9]

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13.  The Sentencing Commission's comments to § 1B1.13 contemplate four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness, i.e., a serious, advanced illness with an end-of-life trajectory; (2) the defendant is suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (3) the defendant is at least 65 years old, is experiencing a serious deterioration in

---

jurisdictional and cannot be waived"); *see also United States v. Read-Forbes*, No. 12-20099-KHV, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (analyzing the text, context, and historical treatment of § 3582(c)'s subsections to determine the exhaustion requirement is jurisdictional).  *Cf. United States v. Younger*, No. 16-40012-DDC, 2020 WL 3429490, at *3 (D. Kan. June 23, 2020) (reasoning that, absent direct guidance from the Tenth Circuit, the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[8]18 U.S.C. § 3582(c)(1)(A).

[9]*Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding the Sentencing Commission policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; and (4) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner.[10]  A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute.[11]

## III.    Discussion

### A.      Exhaustion

Avalos has satisfied the exhaustion requirement described in § 3582(c).  The Warden at FCI did not respond to Avalos compassionate release request made on April 17, 2020.[12] Additionally, the Government has not filed a response to Avalos' motion controverting that he has satisfied the exhaustion requirement.  Thus, because more than thirty days have passed since Avalos requested compassionate release from the Warden, this Court has jurisdiction to decide his motion.[13]

### B.      Extraordinary and Compelling Reasons

Having determined Avalos exhausted his administrative remedies, the Court next evaluates whether he demonstrates extraordinary and compelling reasons warranting compassionate release.  Avalos argues that unsafe prison conditions coupled with his years of

---

[10]U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[11]*See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (finding that defendant bears the burden of demonstrating entitlement to relief under § 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) (noting that the "extraordinary and compelling" standard imposes a heavy burden on an inmate seeking compassionate release under § 3582(c)(1)(A)).

[12]Doc. 69-1 at 2–3.

[13]*See United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (holding that if a criminal defendant fails to meet the First Step Act's exhaustion requirement, the Court lacks jurisdiction over the motion).

smoking that have harmed his lungs and immune system warrant a sentence reduction under §
3582(c)(1)(A).

Courts nationwide interpret the "extraordinary and compelling" standard differently.
Most agree, however, that in the context of the current global pandemic, an inmate demonstrates
extraordinary and compelling circumstances if she has serious underlying health conditions that
place her at an increased risk of serious illness or death from COVID-19 while incarcerated.[14]
"The DOJ recently adopted the position that an inmate who presents with one of the risk factors
identified by the [Centers for Disease Control and Prevention] ("CDC") should be considered as
having an 'extraordinary and compelling reason' warranting a sentence reduction."[15]

Here, Avalos argues that he is "immunocompromised due to years of smoking cigarettes
and marijuana" which he states have impaired "his lungs and immune system" and put him at
higher risk for death or serious illness should he contract COVID-19.[16]  However, Avalos does
not assert that he has a condition deemed to increase risk of complications from COVID-19 as
identified by the CDC.[17]

Avalos also states it is impossible to socially distance in prison where there are limited
amenities such as phones, showers, and computers, and that living conditions are generally
unsafe.  Generalized concerns about COVID-19, even when the virus has spread within a

---

[14]*See, e.g.*, *United States v. Lavy*, No. 17-20033-JAR, 2020 WL 3218110 (D. Kan. June 15, 2020) (granting compassionate release based in part on COVID-19 where the defendant was at risk due to his age, hypertension, bipolar disorder, and major depressive disorder); *United States v. Delgado*, No. 3:18-cr-17, 2020 WL 2464685, at *3 (D. Conn. Apr. 30, 2020) ("Since the outbreak of the COVID-19 pandemic, numerous courts . . . have held that a defendant's pre-existing health conditions . . . in combination with the increased risks of COVID-19 in prisons constitute 'extraordinary and compelling reasons' warranting relief") (collecting cases).

[15]*See, e.g., United States v. Martin*, No. DKC 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020); *see also* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I) (U.S. Sentencing Comm'n 2018).

[16]Doc. 69 at 3.

[17] *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020).

correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[18]  Accordingly, because Avalos does not make any individualized showing about his vulnerability to contracting COVID-19 and having significant health issues, he has not met his burden to demonstrate extraordinary and compelling circumstances warranting compassionate release.

### C.    Counsel

Within his compassionate release motion, Avalos also requested the appointment of counsel.  There is no constitutional or statutory right to the appointment of counsel beyond the direct appeal of a criminal conviction.[19]  Under Standing Order 19-1, however, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act.  That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic.  Under that Order, the FPD shall notify the court within 15 days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant, or whether it seeks additional time to make such determination.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.  Accordingly, Avalos has no right to counsel.  Furthermore, Avalos' motion demonstrates that he adequately articulates his arguments for relief.  Thus, the Court denies his request for counsel.

---

[18]*United States v. Seymon*, No. 11-CR-10040-JES, 2020 WL 2468762, at *4 (C.D. Ill. May 13, 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.").

[19] *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (citation omitted); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (noting that "[n]o right to counsel extends to a § 3582(c)(2) motion") (citations omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Filiberto Avalos'

Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) (Doc. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 3, 2020

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             CHIEF UNITED STATES DISTRICT JUDGE