## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

     v.                             Case No. 13-20026-JAR-1

FILIBERTO AVALOS,

     Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Filiberto Avalos's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 69).[1]  Last year, the Court denied the motion without prejudice, concluding that Avalos failed to show that "extraordinary and compelling reasons" warranted a sentence reduction under § 3582(c)(1)(A).  Avalos appealed that decision, and the Tenth Circuit reversed and remanded for further proceedings.  Having carefully considered the motion, the record, and the applicable law, the Court is prepared to rule.  For the reasons explained below, the Court dismisses Avalos's motion for lack of jurisdiction.

## I.      Background

On June 29, 2015, United States District Judge Carlos Murguia sentenced Avalos to 175 months in prison for distributing methamphetamine and being a felon in possession of firearms.[2]  Avalos is serving his 175-month sentence at FCI Gilmer in Glenville, West Virginia.  He is 35 years old, and his projected release date is February 10, 2027.

---

[1] Because Avalos appears *pro se*, the Court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court will not act as his advocate.  *See id.*

[2] Doc. 50.  Judgment was entered on June 30, 2015.  *Id.*

On August 7, 2020, Avalos, proceeding *pro se*, filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[3]  Avalos asserted that "he is immunocompromised, due to years of smoking cigarettes and marijuana."[4]  Avalos claimed that his medical condition, in light of the COVID-19 pandemic and the prison conditions at FCI Gilmer, constituted an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(1)(A).  The government did not file a response opposing the motion.

On September 3, 2020, the Court denied Avalos's motion.[5]  The Court concluded that Avalos had satisfied § 3582(c)(1)(A)'s exhaustion requirement because "more than thirty days ha[d] passed since Avalos requested compassionate release" from the warden of FCI Gilmer.[6]  The Court then denied the motion on the merits, concluding that Avalos failed to show that "extraordinary and compelling reasons" warranted a sentence reduction under § 3582(c)(1)(A).  The Court noted that the U.S. Department of Justice had "recently adopted the position that an inmate who presents with one of the [COVID-19] risk factors identified by the [U.S. Centers For Disease Control and Prevention ("CDC")] should be considered as having an 'extraordinary and compelling reason' warranting a sentence reduction."[7]  But the Court found that Avalos didn't "assert that he has a condition deemed to increase [the] risk of complications from COVID-19 as identified by the CDC."[8]

---

[3] Doc. 69.

[4] *Id.* at 3.

[5] Doc. 71.

[6] *Id.* at 4.

[7] *Id.* at 5 (quoting *United States v. Martin*, No. 04-0235-5, 2020 WL 3447760, at *2 (D. Md. June 24, 2020)).

[8] *Id.* (citing *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020)).

Avalos timely appealed this Court's decision.  On appeal, the Tenth Circuit agreed that Avalos satisfied § 3582(c)(1)(A)'s exhaustion requirement but disagreed with this Court's reasoning in concluding that Avalos failed to show "extraordinary and compelling reasons" warranting a sentence reduction.  Specifically, the Tenth Circuit found "no basis for concluding that the CDC did not, in fact, identify a history of smoking as a [COVID-19] risk-factor."[9]  The Tenth Circuit pointed to the CDC's website, which states that "[b]eing a current or former cigarette smoker can make you more likely to get severely ill from COVID-19."[10]  The Tenth Circuit recognized that the CDC had updated its guidance in the past as new evidence emerged, but it could not conclude, on the record before it, that this Court properly applied the CDC guidance available in September 2020, when this Court decided Avalos's motion.  The Tenth Circuit also observed that other federal courts addressing the issue at around the same time found that the CDC recognized smoking as a COVID-19 risk factor, citing cases decided in June, August, and September 2020.[11]

Because this Court abused its discretion in finding that being a current or former smoker was not identified by the CDC as a risk factor for severe illness or death from COVID-19, the Tenth Circuit reversed this Court's decision and remanded the case for further proceedings consistent with its opinion.[12]  The Tenth Circuit made clear, however, that it expressed no opinion on the ultimate merits of Avalos's motion, including whether his history of smoking

---

[9] *See United States v. Avalos*, –F. App'x–, No. 20-3194, 2021 WL 1921847, at *2 (10th Cir. May 13, 2021).

[10] *Id.* at *3 (emphasis omitted) (quoting *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extraprecautions/people-with-medical-conditions.html (last updated Apr. 29, 2021)).

[11] *Id.* (first citing *United States v. Rich*, 471 F. Supp. 3d 441, 446 (D.N.H. 2020); then citing *United States v. Galaz*, 477 F. Supp. 3d 1134, 1139 (S.D. Cal. 2020); and then citing *United States v. Jackson*, No. 05-20018-01-JWL, 2020 WL 5231317, at *3 (D. Kan. Sept. 2, 2020)).

[12] *Id.* at *3, 5.

constitutes an "extraordinary and compelling reason" for a sentence reduction, though it noted in a footnote that "other courts have held that certain risk-factors identified by the CDC . . . are too 'commonplace' to constitute extraordinary and compelling reasons."[13]

On June 10, 2021, this Court instructed the government to supplement the record with Avalos's medical records.[14]  The government submitted Avalos's medical records on June 15, 2021.[15]

## II.    **Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but th[at] rule of finality is subject to a few narrow exceptions."[16]  "One such exception is contained in [18 U.S.C.] § 3582(c)(1)."[17]  Section 3582(c)(1)(A), as amended by the First Step Act of 2018,[18] permits a court to reduce a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  Before reducing a term of imprisonment, a court must find that (1) "extraordinary and compelling reasons" warrant a sentence reduction, (2) such a reduction is consistent with "applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors set forth in 18 U.S.C. § 3553(a) support such a reduction.[19]

---

[13] *Id.* at *5 & n.4 (collecting cases).

[14] Doc. 82.

[15] Doc. 85.

[16] *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)).

[17] *Id.*

[18] Pub. L. No. 115-391, 132 Stat. 5194.

[19] 18 U.S.C. § 3582(c)(1)(A); *see United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."[20] "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."[21]  In other words, if the defendant cannot show that § 3582(c) authorizes relief, the Court must dismiss the motion for lack of jurisdiction.

## III.   Discussion

On remand, the Court considers whether extraordinary and compelling reasons exist.  The Court also considers whether a reduction in Avalos's sentence would be consistent with the § 3553(a) factors.

### A.   Extraordinary and Compelling Reasons

Section 3582(c)(1)(A) requires a district court to find that "extraordinary and compelling reasons warrant a sentence reduction" before it may reduce a defendant's sentence.  The court has "the authority to determine for [itself] what constitutes 'extraordinary and compelling reasons.'"[22]  While that authority "is bounded by the requirement . . . that a reduction in sentence be consistent with applicable policy statements issued by the Sentencing Commission," the Tenth Circuit recently explained that the Sentencing Commission has not yet issued a policy statement "applicable" to § 3582(c)(1)(A) motions filed by a defendant.[23]  Accordingly,

---

[20] *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)) (vacating the district court's order denying a § 3582(c)(1)(A) motion and remanding with instructions to dismiss the motion for lack of jurisdiction).  *But see United States v. Read-Forbes*, 843 F. App'x 131, 134 (10th Cir. 2021) (questioning, but not deciding, "whether [the defendant]'s failure to satisfy the substantive requirements of § 3582(c)(1)(A) is jurisdictional"); *United States v. Avalos*, –F. App'x–, 2021 WL 1921847, at *2 n.2 (10th Cir. 2021) (noting that the Tenth Circuit "has not ruled on the issue" whether "§ 3582's exhaustion requirement is jurisdictional").

[21] *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

[22] *Maumau*, 993 F.3d at 832.

[23] *Id.* at 832, 836–37.

§ 3582(c)(1)(A)'s consistency requirement does not constrain this Court's discretion to consider whether extraordinary and compelling reasons warrant a reduction in Avalos's sentence.[24]

Avalos contends that his medical condition and his risk of contracting COVID-19 in prison constitute extraordinary and compelling reasons for a sentence reduction.  In particular, Avalos asserts that "he is immunocompromised, due to years of smoking cigarettes and marijuana."[25]  Avalos also asserts that he is at a comparatively higher risk of contracting COVID-19 by virtue of his incarceration, which prevents him from practicing social distancing and hygiene to the same extent as individuals in the community.

According to the CDC, both "[b]eing a current or former cigarette smoker" and "[h]aving a weakened immune system" can make a person "more likely to get severely ill from COVID-19."[26]  Avalos's Presentence Investigation Report notes a "long history" of marijuana use, beginning at the age of 13,[27] and his medical records indicate that he suffers from severe "cannabis use disorder."[28]  Although Avalos's status as a current or former cigarette smoker is not documented in his medical records, the Court takes the self-report to be true.  The Court does not, however, accept as true Avalos's claim that he is immunocompromised.  As a previous version of the CDC guidance noted, smoking "can cause a person to be immunocompromised,"[29]

---

[24] *See id.* at 837.

[25] Doc. 69 at 3.

[26] *People with Certain Medical Conditions*, *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

[27] Doc. 48, PSR ¶ 105.

[28] Doc. 85-1 at 20.

[29] *United States v. Nelson*, No. 19-CR-21, 2020 WL 2309075, at *4 (W.D. Pa. May 8, 2020) (quoting the CDC guidance available in May 2020, which provided: "Many conditions can cause a person to be immunocompromised, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications[.]" (citation omitted)); *see also Woolem v. United States*, No. 13-00471, 2020 WL 2820140, at *5 (D. Haw. May 29, 2020) (same).  The current version of the CDC guidance simply states that "[m]any conditions and

but Avalos's medical records do not indicate that he is immunocompromised.[30]  Thus, Avalos

has met his burden to show a history of smoking, but he has not met his burden to show that he is

immunocompromised.[31]

While Avalos's history of smoking places him at an increased risk for severe illness from

COVID-19, FCI Gilmer appears to have gained control of the virus.  The Bureau of Prisons

("BOP") currently reports no active cases of COVID-19 among either inmates or staff members

at the facility.[32]  The BOP also reports that 1,094 inmates out of 1,500 inmates housed at FCI

Gilmer have been fully vaccinated against COVID-19[33]—a higher percentage (72.9%) than the

percentage of fully vaccinated adults in the United States (61.2%).[34]

Moreover, Avalos is himself now fully vaccinated against COVID-19.  His immunization

records indicate that he received the first dose of the Pfizer-BioNTech COVID-19 vaccine on

March 2, 2021, and he received the second dose on March 23, 2021.[35]  The CDC has explained

---

treatments can cause a person to be immunocompromised or have a weakened immune system."  *People with Certain Medical Conditions*, *supra* note 26.  Elsewhere, the CDC has explained that smoking "increases risk for . . . problems of the immune system, including rheumatoid arthritis."  *Smoking & Tobacco Use: Health Effect*, CDC, https://www.cdc.gov/tobacco/basic_information/health_effects/index.htm (last updated Apr. 28, 2020).

[30] *See, e.g.*, *United States v. Zigler*, No. 11-cr-304, 2020 U.S. Dist. LEXIS 112384, at *16 (D. Minn. June 26, 2020) (declining to find the defendant immunocompromised because he "proffered nothing to indicate that his particular history of smoking has left him immunocompromised"); *United States v. Streetman*, No. 119-022, 2021 WL 1388382, at *1 (S.D. Ga. Apr. 12, 2021) (noting that the defendant's medical records did not support his claim that he was "immunocompromised from years of second-hand smoke"); *see also United States v. McCullough*, No. 04-20006-01-JWL, 2020 WL 4436387, at *2 (D. Kan. Aug. 3, 2020) (collecting cases denying compassionate release to cancer survivors where no evidence indicated they were immunocompromised).

[31] *See United States v. Moreno*, –F. Supp. 3d–, No. 13-20079-JWL, 2021 WL 512225, at *3 (D. Kan. Feb. 11, 2021) ("The moving defendant bears the burden of establishing that . . . 'compassionate release' is warranted under [§ 3582(c)(1)(A)]." (citation omitted)).

[32] *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus (last visited Aug. 11, 2021); *see United States v. Garrison*, No. 14-CR-231-WJM, 2021 WL 2633426, at *2 (D. Colo. June 25, 2021) ("[E]xtraordinary and compelling circumstances generally do not exist where there are no confirmed cases of the virus at the prisoner's facility.").

[33] *COVID-19 Coronavirus*, *supra* note 32; *Population Statistics*, Fed. Bureau of Prisons, https://www.bop.gov/mobile/about/population_statistics.jsp (last updated Aug. 5, 2021).

[34] *COVID Data Tracker: COVID-19 Vaccinations in the United States*, CDC, https://covid.cdc.gov/covid-data-tracker/#vaccinations_vacc-people-fully-percent-pop12 (last updated Aug. 10, 2021).

[35] *See* Doc. 85-1 at 24, 30–32.

that mRNA COVID-19 vaccines, including the Pfizer-BioNTech COVID-19 vaccine, "reduc[e] the risk of COVID-19, including severe illness, among people who are fully vaccinated by 90 percent or more."[36]  The vaccines "have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them," including those "who are at higher risk of severe outcomes from COVID-19."[37]  Although "COVID-19 vaccine efficacy is unknown in [immunocompromised people],"[38] Avalos has provided no evidence that he is immunocompromised.  The information available to the Court thus shows that Avalos is inoculated with a vaccine that is safe and highly effective at preventing severe cases of COVID-19, even among people with underlying medical conditions.  And, at only 35 years old, Avalos is in an age group with a relatively lower risk of severe illness and death from COVID-19 than that faced by older adults.[39]

   In light of the low number of COVID-19 cases at FCI Gilmer, the high number of fully vaccinated inmates at the facility, and Avalos's vaccination status and young age, the Court finds that Avalos has not shown that his history of smoking, in combination with the possibility of a

---

[36] *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness /work.html (last updated May 20, 2021); *see also Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last updated June 24, 2021).

[37] *COVID-19 Vaccines Work*, *supra* note 36.

[38] *Interim Clinical Considerations for Use of COVID-19 Vaccines Currently Authorized in the United States*, CDC, https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html (last updated Aug. 11, 2021).

[39] *See Risk for COVID-19 Infection, Hospitalization, and Death By Age Group*, CDC, https://www.cdc.gov /coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last updated July 19, 2021); *see also, e.g., United States v. Mena*, No. 16-850-ER, 2021 WL 2562442, at *2 (S.D.N.Y. June 23, 2021) (finding no extraordinary and compelling reasons for release under § 3582(c)(1)(A) based on the defendant being a former smoker because she was only 28 years old, there were only three confirmed positive cases among inmates at her facility, and she was fully vaccinated against COVID-19).

COVID-19 infection and the conditions at FCI Gilmer, provide "extraordinary and compelling reasons" for a sentence reduction under § 3582(c)(1)(A).[40]

## B.    Section 3553(a) Factors

Even if Avalos could show that extraordinary and compelling reasons exist, the applicable § 3553(a) factors counsel against his release at this time.  Those factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; (4) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[41]

Based on his projected release date of February 10, 2027, Avalos has about 66 months left to serve of his 175-month term of imprisonment.  Those 66 months represent approximately 38% of his original sentence.  While the Court recognizes the hardship that the COVID-19 pandemic has imposed on inmates, particularly those with underlying medical conditions, releasing Avalos at this relatively early stage would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public.  Indeed, Avalos's crimes were serious: he pleaded guilty to distributing

---

[40] The Court also notes that, although the CDC recognizes being a current or former smoker as a COVID-19 risk factor, whether smoking—a common condition—by itself can amount to an "extraordinary and compelling reason" under § 3582(c)(1)(A) is questionable.  *See, e.g.*, *United States v. Green*, 17-20822, 2020 WL 6144556, at *5 (E.D. Mich. Oct. 20, 2020) ("[T]here are obvious policy reasons why courts may hesitate to find that being a former, or current, smoker supports finding extraordinary and compelling reasons for release."); *United States v. Jennings*, No. 17-00155, 2021 WL 289390, at *2 (E.D. Cal. Jan. 28, 2021) (same); *Saxon v. United States*, No. 12-320, 2020 WL 4548078, at *3 (S.D.N.Y. Aug. 5, 2020) ("[B]eing a smoker and having high blood pressure are common conditions and do not rise to the level of extraordinary and compelling circumstances warranting release.").

[41] 18 U.S.C. § 3553(a).

methamphetamine and being a felon in possession of firearms.  And at sentencing, he had a total criminal history score of 10, and a criminal history category of V.[42]  Moreover, Avalos has not shown that the sentence originally imposed by Judge Murguia is no longer sound under § 3553(a), nor has he provided evidence of any rehabilitation efforts.  Accordingly, the Court finds that a reduction in Avalos's sentence would not be consistent with the applicable § 3553(a) factors.

The Tenth Circuit requires the defendant to show that § 3582(c) authorizes relief for this Court to have jurisdiction.  Avalos has failed to make that showing here.  The Court must therefore dismiss the motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Filiberto Avalos's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 69) is **dismissed without prejudice for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: August 11, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[42] PSR ¶ 82.